UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL CASE NO. 25-220-DLB-HAI

TREVOR JOHNSON                                                     PETITIONER

v.           **ORDER ADOPTING RECOMMENDED DISPOSITION**

SHANNON BUTRUM, Warden                            RESPONDENT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

**I. INTRODUCTION**

This matter is before the Court on the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram (Doc. # 12), wherein he recommends that Petitioner Trevor Johnson's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1; *see also* Doc. # 7) be denied because his claims are procedurally defaulted and his petition lacks any allegation of federal law. Petitioner filed timely Objections to Judge Ingram's Recommended Disposition. (Doc. # 13). Respondent having filed no Response, and the time for submitting such response having expired, the Motion is now Ripe for the Court's consideration. For the following reasons, Judge Ingram's Recommended Disposition is **adopted** as the opinion of the Court, Petitioner's Objections are **overruled**, and the § 2254 petition is **dismissed with prejudice**.

**II. FACTUAL AND PROCEDURAL HISTORY**

On August 31, 2007, Petitioner Trevor Johnson pled guilty in Fayette Circuit Court to two counts of first-degree rape, one count of kidnapping, one count of second-degree assault, and one count of being a persistent felony offender. (Doc. #12; *see also* Doc. #

1

7).  Two months later, Petitioner was sentenced to seventy years imprisonment, with the Fayette County judge orally ordering that the sentence would run concurrently with a thirty-year sentence Petitioner was already serving.  (Doc. # 12 at 2).  However, a written judgment entered several days after Petitioner's sentencing stated that Petitioner's seventy-year sentence would run consecutively with his previously-existing thirty-year sentence, for a total of a 100-year sentence.  (*Id.*).  Petitioner was not made aware of this discrepancy until he sat in front of the Kentucky Parole Board in 2018.  (*See id.*; *see also* Doc. # 7).

Petitioner then made several attempts to correct his judgment and sentence.  In 2019, Petitioner brought a *pro se* motion under Kentucky Rule of Criminal Procedure (RCr) 10.10, asking the Fayette Circuit Court to clarify his judgment or correct his sentence.  (Doc. # 12 at 2).  The Fayette Circuit Court entered an order eight days later ruling that Petitioner's sentence was to be served consecutively.  (*Id.*).  In 2021, Petitioner filed a motion to "uphold [his] plea agreement," which had the sentences running concurrently.  (*Id.*).  Three years later in 2024, the trial court amended his judgment to state that the sentences would run concurrently, as Petitioner had originally requested. (*Id.*).  On April 19, 2024, Petitioner filed a state habeas corpus petition in Oldham Circuit Court, arguing that the Fayette Circuit Court lost jurisdiction over his case and therefore its judgment and his sentence should be void.  (*Id.* at 3).  The Oldham Circuit Court denied the motion, saying Petitioner had failed to exhaust the claim before seeking habeas relief. (*Id.*).  The Kentucky Court of Appeals affirmed the trial court's decision, and the Kentucky Supreme Court denied discretionary review.  (*Id.*).

Petitioner's final motion is the one made to this Court. Petitioner filed his petition seeking relief from his state court convictions under 28 U.S.C. § 2254. (Doc. # 1). Petitioner asked the Court to grant him relief of his sentence because the Fayette Circuit Court did not have jurisdiction over his claim at the time it rendered its judgment.[1] (Doc. # 1 at 5). Petitioner alleged that a Kentucky state court's jurisdiction to amend a judgment in a criminal case ends ten days after the judgment's entry. (*Id*. at 10–11). Petitioner alleged that not voiding the judgments against him and allowing the sentence to stay violates his rights under the Fourteenth Amendment. (*Id*. at 8).

On September 12, 2025, Judge Ingram issued a Recommended Disposition recommending that Petitioner's petition be denied. (Doc. # 12). Petitioner filed his Objections on September 26, 2025. (Doc. # 13). Respondent did not file a Response, and the time to submit one has now expired. Therefore, the Recommended Disposition is ripe for the Court's review.

## III. RECOMMENDED DISPOSITION

After summarizing the relevant factual and procedural background, Judge Ingram first addressed the threshold issue of procedural default that courts must consider before addressing the merits of a habeas petition. (Doc. # 12 at 4 (citing *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013))). Judge Ingram established that the procedural default rule's purpose is to ensure that state courts have the opportunity to address federal constitutional claims "in the first instance" before the claims are raised in federal habeas

---

[1] Petitioner also claimed his sentence was over the maximum number of years allowed by Kentucky statute. (Doc. # 13 at 3). However, as Judge Ingram noted in his Recommended Disposition, Petitioner's sentences now run concurrently as Petitioner originally sought. (Doc. # 12 at 3). As such, Judge Ingram chose to address Petitioner's jurisdictional claims, which he described as consistent with his original motion. (*Id*.).

proceedings. (*Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Judge Ingram then explained that procedural default exists when a state court invokes an independent and adequate state procedural rule to dispose of the claim. (*Id.* (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017))).

Judge Ingram concluded that the various Kentucky courts found Petitioner's state habeas petition was procedurally barred because Petitioner "had other avenues available" to remedy the Fayette Circuit Court's alleged mistake and failed to exhaust those remedies. (*Id.* at 5). Judge Ingram agreed with Kentucky courts' decisions, specifically pointing to Petitioner's failure to appeal the Fayette Court's decision and the Petitioner's failure to make a motion to vacate, set aside or correct sentence under RCr 11.42 as other remedies Petitioner should have sought before making a state habeas claim. (*Id.*). Judge Ingram concluded this claim was procedurally defaulted because the record clearly indicated Kentucky courts denied Petitioner's claim on independent and adequate procedural grounds. (*Id.*).

Judge Ingram then determined Petitioner's claim should also be denied because it does not allege a violation of federal law. (*Id.* at 6). Judge Ingram first dismissed Petitioner's claim that his claims were running consecutively, determining that the Fayette Circuit Court had corrected that issue. (*Id.* (determining that Petitioner's complaint of the judgment running consecutively not concurrently "was fixed by the Fayette Circuit Court and is moot.")). Next, Judge Ingram focused on Petitioner's claim that the Fayette Circuit Court did not have jurisdiction to correct his judgment. (*Id.*). Judge Ingram noted that Kentucky Rule of Civil Procedure (Cr) 59.05 states that a motion to amend a judgment, or to vacate a judgment and enter a new one, should be served not later than ten days

4

after entry of the final judgment. (*Id*.). Additionally, Judge Ingram established that under RCr 10.10, clerical errors made in judgments can be corrected by a court at any time. (*Id*. at 7). Judge Ingram noted that Petitioner based his motion to amend the Fayette Circuit Court judgment on an alleged clerical error, meaning the state court could change its judgment at any time under RCr 10.10. (*Id*.). On this basis, Judge Ingram concluded that the method by which the court changed Petitioner's judgment was not a violation of any federal laws and was rather a proper adjudication of state procedural rules by proper state authorities. (*Id*.).

To conclude, Judge Ingram recommended the petition be denied because it is procedurally barred and states no violation of federal law. (*Id*.). Judge Ingram further recommended that no Certificate of Appealability issue because no reasonable jurist would find either of the contentions—that the claim was procedurally defaulted and that there were no federal issues presented—to be wrong or debatable. (*Id*. at 8).

IV.    **ANALYSIS**

   A.    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendation." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28

5

U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the recommended disposition must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F.App'x 481, 482–83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F.Supp.2d 934, 938 (E.D. Mich, 2004)).

**B.    Petitioner's Objections**

Petitioner raised two principal objections to Judge Ingram's Recommended Disposition. First, Defendant contends that the Kentucky courts' and Judge Ingram's determination that his claim is procedurally defaulted is "misplaced" because the Kentucky courts and Judge Ingram failed to understand the difference between a federal habeas claim and a state habeas claim. (Doc. # 13 at 2–3). He further argues his case is not procedurally defaulted because he followed the rules Kentucky set when making his motions. (*Id.* at 3). Further, he argues that the case is not procedurally defaulted because it is contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979) and *In Re Winship*, 397 U.S. 358 (1970).

This argument amounts to little more than a disagreement with Judge Ingram's findings.  Petitioner does not explain if he exhausted all the state remedies available to him, nor how he exhausted all the remedies available to him.  He does not explain why he chose not to bring a direct appeal or other forms of relief before bringing his state habeas claim.  He also does not explain how Judge Ingram's findings contrast with *Jackson* or *Winship*.  He merely states that his claim should not be procedurally defaulted because it should not be procedurally defaulted.  His circular logic strains credulity.  Without more, Petitioner's objections are no more than what he already stated in his original petition.

The most prevalent of Petitioner's objections is that the Fayette Circuit Court lacked jurisdiction to enter his judgment, and that his judgment should be void as a result. (*Id.* at 1).  He reiterates his previously made argument that because ten days had passed since the entering of his judgment, the Fayette Circuit Court had no jurisdiction, which renders his judgment void.  (*Id.*).  Petitioner's main support for his claim is that in 2021, when one of Petitioner's prior motions were before the state courts and prior to the Fayette Circuit Court changing Petitioner's sentence, the Commonwealth's Attorney argued that Petitioner's sentence being served consecutively was deliberate, and not a clerical error. (*Id*. at 3).  All this, Petitioner argues, amounts to a violation of his right to due process under the Fourteenth Amendment.  (*Id*. at 3–4).  Notably, Petitioner does not address that the Fayette Circuit Court corrected his sentence to reflect his original request that his sentence run concurrently.

Petitioner effectively repeats the same line of reasoning from his original petition and does not give any new context to how he believes Judge Ingram erred.  He does not

7

state any legal basis for his objections and maintains the same argument that Judge Ingram addressed in his Recommended Disposition. He also does not explain how his rights under the Constitution have been violated, just that they have. Conclusory statements like Petitioner's are not enough to sustain an objection to a magistrate judge's report. *See Vanover*, 2017 WL 1356328, at *1. Accordingly, Petitioner's objections are **overruled**, and his petition is **denied** as being procedurally defaulted and without any articulated issue of federal law.

### C.     Certificate of Appealability

Finally, the Court will consider Judge Ingram's recommendation that no Certificate of Appealability issue. Petitioner briefly states that fair-minded jurists could disagree as to whether his arguments are inconsistent with Supreme Court decisions. (Doc. # 13 at 1). Given the evidence in the record that Petitioner's claim is procedurally defaulted and the absence of any articulable federal issue, no reasonable jurist would find Judge Ingram's assessments on the merits to be wrong or debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, no Certificate of Appealability will issue with respect to this Order.

### V.     CONCLUSION

For the reasons stated, Petitioner has failed to raise any meritorious legal objections to Judge Ingram's Recommended Disposition. Accordingly,

**IT IS ORDERED** as follows:

(1)     The Magistrate Judge's Recommended Disposition (Doc. # 12) is **ADOPTED** as the Opinion of the Court;

(2) Petitioner's Objections (Doc. # 13) to the Recommended Disposition are **OVERRULED**;

(3) Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. # 7) is **DENIED**;

(4) The Court determines there would be no arguable merit for appeal in this matter, and therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5) This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6) An accompanying Judgment shall be entered contemporaneously herewith.

This 21st day of October, 2025.



Signed By:
*David L. Bunning*  DB
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Lexington\2025\25-220 Order Adopting Recommended Disposition 2254.docx